FILED

14 APR 25 AM 10: 31

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KIRK BROTEN, | CASE NO. 13-CV-2082 BEN (WVG) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND TO STATE COURT** |
| vs. | |
| TARGET CORPORATION; et al., | [Docket No. 7] |
| Defendants. | |

Presently before the Court is Plaintiff's Motion to Remand to State Court (Docket No. 7.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Beginning on August 15, 2005, Plaintiff Kirk Broten worked as a senior executive of merchandising at Defendant Target Corporation. Defendant Merrillee Ekstrom was Plaintiff's immediate "Store Team Leader," and Defendant Lee Kaufmann was Plaintiff's and Ekstrom's "District Team Leader."

Plaintiff alleges that while working at Target, he witnessed and complained to Target Management and Human Resources about several discriminatory comments and actions by Ekstrom. For instance, Plaintiff alleges that Ekstrom made inappropriate discriminatory comments in his presence about other employees, including discriminatory comments based on race and age.

Plaintiff alleges that Ekstrom, Kaufmann, and Human Resources harassed Plaintiff for complaining about Ekstrom. Due to the stress caused by this harassment,

Plaintiff allegedly suffered severe gastrointestinal problems, which caused him to take medical leave. Plaintiff alleges that while he was on medical leave, Kaufmann harassed Plaintiff by instructing a new Store Team Leader, Kendra Telford, to meet with Plaintiff and deliver the message that Plaintiff should go on permanent disability and would be fired within a month if he returned to work. Moreover, Plaintiff was relieved of his position and replaced with a younger and newer employee, whom Plaintiff had trained. When Plaintiff returned from medical leave, Kaufmann issued a "corrective action" program to Plaintiff that Ekstrom had issued before she was fired. Plaintiff's employment was terminated on January 16, 2013.

Plaintiff originally filed suit in the Superior Court of California, County of San Diego, on April 22, 2013. Plaintiff filed a First Amended Complaint ("FAC") on July 13, 2013. The FAC alleges: (1) wrongful termination in violation of public policy against Target; (2) wrongful termination in violation of the California Fair Employment and Housing Act ("FEHA") against Target; (3) interference with medical leave in violation of the FEHA against Target; (4) harassment on the basis of protected activity in violation of the FEHA against all Defendants; (5) retaliation in violation of public policy against Target; (6) retaliation in violation of the FEHA against Target; (7) retaliation for taking medical leave in violation of the FEHA against Target; (8) failure to investigate and prevent harassment and retaliation in violation of the FEHA against Target; (9) negligent supervision against Target; and (10) unfair business practices in violation of the Business and Professions Code §§ 17200 *et seq.* against all Defendants.

On September 6, 2013, Defendants removed this action based on diversity jurisdiction. Presently before the Court is Plaintiff's Motion to Remand to State Court.

### DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under

28 U.S.C. § 1332(a), the district courts have original jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed against removal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (internal quotation marks omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Here, Plaintiff moves to remand this action to state court on the basis that diversity jurisdiction does not exist. Plaintiff is a citizen of California. Kaufmann and Ekstrom are citizens of California as well, and Target is a citizen of Minnesota. Although Plaintiff shares citizenship with Kaufmann and Ekstrom, Defendants argue that the citizenship of Kaufmann and Ekstrom should be disregarded because they were improperly joined.

"[T]here are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal quotation marks omitted). In regards to the latter type of improper joinder, "[a] party is deemed to have been joined fraudulently if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Soo v. United Parcel Serv., Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999) (internal quotation marks omitted).

Here, Plaintiff has alleged two causes of action against Kaufmann and Ekstrom: (1) harassment on the basis of protected activity in violation of the FEHA (fourth cause of action); and (2) unfair business practices in violation of the Business and Professions

Code §§ 17200 *et seq.* (tenth cause of action). The Court will address whether Plaintiff has successfully stated a cause of action against Kaufmann and Ekstrom for harassment in violation of the FEHA.

Defendants argue that Plaintiff has failed to state a cause of action for harassment against Kaufmann and Ekstrom. First, Defendants argue that "although Plaintiff casts his [fourth cause of action] as one for harassment, his allegations are claims of retaliation and there can be no valid retaliation claim against Ekstrom or Kaufmann as a matter of law because there can be no individual liability for retaliation for exercising rights under the FEHA." (Notice of Removal at 5 (citing *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173 (2008).)

Under the FEHA, it is unlawful "[f]or an employer . . . or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status to harass an employee[.]" CAL. GOV'T CODE § 12940(j)(1). To establish a prima facie claim for harassment under the FEHA, a plaintiff must allege five elements: "(1) plaintiff belongs to a protected group; (2) plaintiff was subject to unwelcome [] harassment; (3) the harassment complained of was based on [a protected classification]; (4) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and (5) respondeat superior." *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989).

Defendants argue that Plaintiff fails to plead the first and third elements. In regards to the first element, belonging to a protected group, Plaintiff alleges facts relating to having a medical condition in the FAC. Specifically, Plaintiff alleges that he "suffered severe gastrointestinal problems due to the stress of harassment by his managers and HR at work and had to take medical leave." (FAC ¶ 47.) In regards to the third element, the complained-of harassment being based on the protected

classification, Plaintiff alleges that while he was on protected medical leave, Kaufmann harassed Plaintiff by instructing Telford to meet with Plaintiff, encourage him to go on permanent disability, and warn him that he would be fired within a month if he returned to work. (*Id.* ¶¶ 18, 47.) While he was on medical leave, Plaintiff's managers allegedly replaced Plaintiff with a newer employee, whom Plaintiff had trained. (*Id.* ¶ 47.) In addition, once Plaintiff returned to work, Kaufmann and Telford allegedly issued a "bogus" corrective action against him. (*Id.* ¶ 48.) These facts may support a finding of harassment based Plaintiff's alleged medical condition.[1]

Second, Defendants argue that the fourth cause of action is mislabeled "*Harassment* on the Basis of Protected Activity in Violation of the Fair Employment and Housing Act," (*id.* at 10 (emphasis added)), and Plaintiff in fact intended to allege retaliation. In support of this argument, Defendants argue that the fourth cause of action begins with a statement of the law on retaliation under the FEHA. *Compare id.* ¶ 44 ("Among other things, the FEHA prohibits harassment against individuals who file a discrimination charge; testify or participate in any way in an investigation, proceeding, or lawsuit under the FEHA; or who oppose employment practices that they reasonably believe discriminate against individuals in violation of the FEHA."), *with* CAL. GOV'T CODE § 12940(h) ("It is unlawful employment practice . . . [f]or any employer . . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.").

Although the fourth cause of action may be imperfectly pled, the FAC entitles the cause of action as a claim for "harassment," and alleges facts that may support a cause of action for harassment, as explained above. In addition, although the facts alleged in the fourth cause of action may support a claim for either harassment or retaliation, the same facts may support multiple causes of action. *See Roby v.*

---

[1] At this time, the Court does not determine whether Plaintiff successfully alleged a cause of action for harassment against Kaufmann and Ekstrom.

*McKesson Corp.*, 47 Cal. 4th 686, 707-08 (2009). Accordingly, Defendants have failed to establish that there is no possibility that Plaintiff will be able to establish a cause of action for harassment against Kaufmann and Ekstrom in state court.

Because this issue is dispositive, the Court declines to address the parties' remaining arguments.

## CONCLUSION

Because complete diversity is lacking between the parties, this Court lacks jurisdiction. Plaintiff's Motion to Remand to State Court is **GRANTED**. This action is **REMANDED** to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED: April 24, 2014

HON. ROGER T. BENITEZ
United States District Judge